## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LEAH HENDERSON, Individually & As Heir of Huey Henderson; KYLE HENDERSON & HANNAH GRAHAM, As Heirs of Huey Henderson and MIKA JACKSON, As Heir of Huey Henderson & Next Friend of E.W., | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 20:20-CV-135 |
| v. | § § | |
| ALLSTATE FIRE & CASUALTY INS. CO., | § § | |
| Defendant. | § | |

## ***PLAINTIFFS' ORIGINAL COMPLAINT***

***TO THE HONORABLE UNITED STATES DISTRICT JUDGE:***

***COMES NOW, LEAH HENDERSON,*** Individually & As Heir of Huey Henderson; ***KYLE HENDERSON & HANNAH GRAHAM,*** As Heirs of Huey Henderson and ***MIKA JACKSON,*** As Heir of Huey Henderson & Next Friend of ***E.W.***, and file this, their Original Complaint, and, in support thereof, would respectfully show unto the Court as follows:

### *I.*

### ***PARTIES***

1. ***LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM*** and ***MIKA JACKSON*** are residents of the Eastern District of Texas. ***LEAH HENDERSON*** is the widow of Huey Henderson. ***KYLE, HANNAH & MIKA*** are the biological children of Huey Henderson. ***MIKA JACKSON*** is the biological mother of E.W.

2. ***ALLSTATE FIRE & CASUALTY INSURANCE COMPANY*** ("***ALLSTATE***") is a foreign fire and casualty insurance company with its principal place of business located in Chicago, Illinois. It may be served by delivering this Complaint and the Court's summons to its registered agent, CT Corporation system, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2020) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the communications giving rise to the disputed agreement all occurred in the Eastern District of Texas.

## III.

## STANDING

5. ***LEAH HENDERSON,*** Individually & As Heir of Huey Henderson; ***KYLE HENDERSON & HANNAH GRAHAM,*** As Heirs of Huey Henderson and ***MIKA JACKSON,*** As Heir of Huey Henderson & Next Friend of ***E.W.***, have standing to bring this action in that ***ALLSTATE*** contends that the writings at issue in this case constitute a

contract between it and Plaintiffs by which Plaintiffs agreed to settle the underlying claims.

6. ***LEAH HENDERSON,*** Individually & As Heir of Huey Henderson; ***KYLE HENDERSON & HANNAH GRAHAM,*** As Heirs of Huey Henderson and ***MIKA JACKSON,*** As Heir of Huey Henderson & Next Friend of ***E.W.***, further have standing to bring this action because any such contract would establish ***ALLSTATE's*** legal obligation to pay damages under the policy. *See, e.g., Puente v. Chicago Ins. Co.*, 2010 U.S. Dist. LEXIS 91895, *26 (S.D. Tex. 2010).

## *IV.*

## *FACTUAL BACKGROUND*

7. On March 18, 2019, a drunk driver crossed the center line of U.S. Highway 259 in Nacogdoches County, Texas and slammed a 2003 Ford Explorer head-on into the 2014 Cadillac Escalade driven by Huey Henderson and occupied by his wife, ***LEAH HENDERSON***, granddaughter ***E.W.*** and a second minor, M.M.

8. The force of the collision claimed the life of Huey Henderson and inflicted serious and permanently disabling physical and emotional injuries on ***LEAH HENDERSON*** and ***E.W.***

9. At the time of the crash, ***ALLSTATE*** insured the owner and operator of the 2003 Ford Explorer against liability for bodily injuries arising out of the ownership, maintenance and use of the vehicle.

10. The *ALLSTATE* policy in question contained the Texas minimum bodily injury liability limits of $30,000.00 per person and $60,000.00 per occurrence.

11. On August 28, 2019, ***LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM*** and ***MIKA JACKSON*** — joined by M.M. — extended to ***ALLSTATE*** a written offer to settle all claims asserted by and through them as a result of the March 18, 2019 crash in exchange for payment of its full, per occurrence bodily injury liability coverage limit of $60,000.00 (the "Joint Demand").

12. The deadline for *ALLSTATE* to accept the Joint Demand was September 6, 2019.

13. On September 3, 2019, ***LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM, MIKA JACKSON*** and M.M. extended ***ALLSTATE's*** deadline to accept the Joint Demand to September 24, 2019.

14. *ALLSTATE* did not accept the Joint Demand on or before September 24, 2019.

15. Instead, on September 23, 2019, *ALLSTATE* delivered separate and materially different offers to settle various claims arising from the crash of March 18, 2019.

16. More specifically, *ALLSTATE* extended an offer of $60,000.00 to settle the bodily injury claims of "Huey Henderson, Leah Henderson and [E.W.]"

> Dear THE LAW OFFICE OF JAMES HOLMES,
>
> We have evaluated your clients' bodily injury claims, and our offer to resolve these claims is the aggregate auto policy limits of $60,000.00 which is available for payment in satisfaction of the claims relating to the accident on March 8, 2019.

4

17. ***ALLSTATE*** did not even purport to accept the offer to settle the claims of ***KYLE HENDERSON, HANNAH GRAHAM*** or ***MIKA JACKSON.***

18. By separate letter, ***ALLSTATE*** extended an offer of $60,000.00 to settle the bodily injury claims of M.M.

> Dear PHENIX PHENIX AND CRUMP ATTORNEYS AND COUNSELORS AT LA,
>
> We have evaluated your client's bodily injury claims, and our offer to resolve these claims is the aggregate auto policy limits of $60,000.00 which is available for payment in satisfaction of the claims relating to the accident on March 8, 2019.

19. In each of its offer letters, ***ALLSTATE*** further added terms not included in the Joint Demand insisting that —

    (a) Any settlement with Huey Henderson, Leah Henderson and E.W. "would be in exchange for full and final settlement of the claims for bodily injury for the Estate of Huey Henderson, Leah Henderson, [E.W.] and [M.M.]";

    (b) "All liens must be honored with either a Release of Lien or inclusion in the settlement after written verification has been provided to us;

    (c) "As there are competing interests for the policy limits we will need to establish the apportionment of funds for each individual with no one person to recover more than a per person limit of $30,000.00" and

    (d) "We will be in contact with you to set up a mediation/settlement conference."

20. Neither ***LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM, MIKA JACKSON*** nor M.M. has accepted ***ALLSTATE's*** September 23, 2019 offer of settlement.

21. The time for ***ALLSTATE*** to accept the Joint Demand expired on September 24, 2019.

5

22. On February 14, 2020, **LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM** and **MIKA JACKSON** filed suit against the owner and operator of the 2013 Ford Explorer insured by **ALLSTATE**.

23. In response, **ALLSTATE** contends that its letters of September 23, 2019 constitute a valid acceptance of the Joint Demand and that the claims against its insured have been settled.

## *VII.*

## *REQUEST FOR DECLARATORY JUDGMENT*

24. **LEAH HENDERSON,** Individually & As Heir of Huey Henderson; **KYLE HENDERSON & HANNAH GRAHAM,** As Heirs of Huey Henderson and **MIKA JACKSON,** As Heir of Huey Henderson & Next Friend of *E.W.*, are persons interested in the rights and legal obligations created or implicated by the Joint Demand and **ALLSTATE's** offer of settlement.

25. Pursuant to 28 U.S.C. § 2201 (West 2020), **LEAH HENDERSON,** Individually & As Heir of Huey Henderson; **KYLE HENDERSON & HANNAH GRAHAM,** As Heirs of Huey Henderson and **MIKA JACKSON,** As Heir of Huey Henderson & Next Friend of *E.W.*, would have the Court declare the rights and legal obligations created or implicated by the Joint Demand and **ALLSTATE's** offer of settlement.

26. In particular, **LEAH HENDERSON,** Individually & As Heir of Huey Henderson; **KYLE HENDERSON & HANNAH GRAHAM,** As Heirs of Huey Henderson and **MIKA JACKSON,** As Heir of Huey Henderson & Next Friend of *E.W.*, would have the Court declare that —-

(a) The Joint Demand constituted an offer for **ALLSTATE** to enter into a contact of settlement with **LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM, MIKA JACKSON** and M.M

(b) By its terms and subsequent agreement of the parties, the time to accept the Joint Demand expired on September 24, 2019;

(c) **ALLSTATE's** September 23, 2019 letter to The Law Office of James Holmes, P.C. constituted a rejection of the Joint Demand and the extension of a counter-offer of settlement with "Huey Henderson, Leah Henderson and [E.W.]";

(d) **ALLSTATE's** September 23, 2019 letter to Phenix, Phenix and Crump constituted a rejection of the Joint Demand and the extension of a counter-offer of settlement with "[M.M.]";

(e) **ALLSTATE** failed to accept the Joint Demand prior to September 24, 2019;

(f) Neither "Huey Henderson, Leah Henderson and [E.W.]" nor "[M.M.]" has accepted **ALLSTATE's** counter-offer of September 23, 2019 and

(g) **LEAH HENDERSON, KYLE HENDERSON, HANNAH GRAHAM** and **MIKA JACKSON** are not bound by the terms of **ALLSTATE's** September 23, 2019 purported acceptance of the Joint Demand.

**WHEREFORE, PREMISES CONSIDERED**, **LEAH HENDERSON,** Individually & As Heir of Huey Henderson; **KYLE HENDERSON & HANNAH GRAHAM,** As Heirs of Huey Henderson and **MIKA JACKSON,** As Heir of Huey Henderson & Next Friend of **E.W.,** respectfully pray that **ALLSTATE FIRE & CASUALTY INSURANCE COMPANY** be cited to appear and answer their allegations and that, upon final adjudication, the Court enter declaratory judgment determining the parties' rights and legal obligations under the writings offered into evidenced grant such other such other legal or equitable relief to which Plaintiffs may be justly entitled including reasonable attorney's fees and all costs of court.

Respectfully submitted,

/s/ 

James A. Holmes
Texas Bar No. 00784290

**THE LAW OFFICE OF JAMES HOLMES, P.C.**

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

**ATTORNEY FOR PLAINTIFFS**

